## IN RE JUDICIAL DITCH NO. 72 OF MARTIN COUNTY.
## A. G. T. BROUN v. COUNTY OF MARTIN.

May 17, 1918.

No. 20,744.

**New trial.**

Where in a ditch proceeding a viewer's testimony made it evident his estimate of benefits was the amount of the award, and his testimony was stricken out and the jury correctly instructed in reference to it, there was no occasion for granting a new trial. [Reporter.]

**Same.**

On appeal from an assessment for benefits in a ditch proceeding, the court properly denied a new trial which was asked because of the irrelevant remarks of the county attorney as to the necessity of some one paying for the benefits, if the appellant did not. [Reporter.]

1Reported in 167 N. W. 543.

In proceedings in the matter of Judicial Ditch No. 72, Martin County, the viewers filed their report in the district court showing the benefits to the land in question to be $3,000. There was a hearing upon their report and an order was made establishing the ditch, and fixing the benefits to the land at $2,500. The owners, A. G. T. Broun and another, demanded a jury trial and the jury returned a verdict for $3,000. Demandants moved for a new trial and their motion was denied by Tifft, J., of the Eighth judicial district, acting in place of the judge of the Seventeenth judicial district. From an order denying his motion for a new trial, A. G. T. Broun appealed. Affirmed.

*Haycraft & Palmer*, for appellant.
*Albert R. Allen*, for respondent.

PER CURIAM.

A landowner appealed to the district court from an assessment for benefits in a ditch proceeding and from the district court here. Only two matters need be mentioned.

The county called as witnesses the viewers. One of them, through no fault of counsel for the county, made it apparent that his estimate of benefits was the amount of the award. His testimony in this respect was stricken and the jury was properly instructed relative thereto, and its effect, so far as could be, was obviated. Nothing in respect of this matter calls for a new trial.

Counsel for the county made some irrevelant remarks in his argument to the jury relative to the necessity of the county or some one paying for the benefits if the appellant did not. The jury was properly instructed to confine their consideration to the benefits conferred upon the particular land involved. The court denied a new trial asked because of such remarks and we think rightly.

Order affirmed.